UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNETTE B. FRANKLIN AND GERALD WASHINGTON** | CIVIL ACTION NO. |
| **VERSUS** | JUDGE: |
| **TRISURA SPECIALTY INSURANCE COMPANY, FREIGHT HAWGZ TRANSPORT LLC, STATE FARM MUTUAL AUTOMOBILE COMPANY, MACKENIEZE REAGAN AND ANATOLIY ORZYA** | MAGISTRATE: |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, Trisura Specialty Insurance Company, Freight Hawgz Transport, LLC, and Mackenieze D. Reagan (collectively, "Defendants"), who file this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby remove this matter from the docket of the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, to the docket of this Honorable Court.

I.

On or about March 29, 2022, Plaintiffs, Jennette B. Franklin and Gerald Washington, filed a personal injury lawsuit against Trisura Specialty Insurance Company, Freight Hawgz Transport, LLC, Mackenieze D. Reagan, Progressive Security Insurance Company (despite naming State Farm in the case caption), and Anatoliy Orzya in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, Docket Number 1047346, Division B, entitled, "*Jennette B. Franklin and Gerald Washington versus Trisura Specialty Insurance Company, Freight Hawgz Transport LLC, State Farm Mutual Automobile Company, Mackenieze Reagan and Anatoliy Orzya*," (A copy of the Petition for Damages is attached hereto as Exhibit "A"). The lawsuit arises

1

from an automobile accident, which occurred on or about March 29, 2021 in West Baton Rouge Parish, Louisiana.

**I.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURUSANT TO 28 U.S.C. § 1332.**

II.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…."

**A.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

III.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 of (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002)(quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

IV.

Plaintiffs, Jennette B. Franklin and Gerald Washington, allege that they sustained severe injuries and are each seeking damages for physical pain and suffering, mental anguish and suffering, medical expenses, lost wages, loss of earning capacity, loss of enjoyment of life, disfigurement and impairment, and disability. (See Exhibit A, at ¶ 4-5, and 8-9).

V.

Initially, Plaintiffs did not stipulate and the original Petition for Damages did not aver that Plaintiffs' cause of action does not exceed $75,000, exclusive of interest and costs as required by La. C.C.P. art. 893, nor have they averred or offered a binding stipulation that they affirmatively renounce the right to accept a judgment in excess of $75,000, as would be required pursuant to *Davis v. State Farm*, no. 06-560, slip op. (E.D. La June 7, 2006)(Vance J.) and *Kaplan v. Prime Demolition & Disposal, LLC et. al.*, No. 08-4714, slip op. (E.D. La. Dec. 18, 2008)(Africk J.)

VI.

On April 21, 2022, counsel for Defendants requested that Plaintiffs execute a binding and irrevocable stipulation that the total amount damages claimed by each of them in connection with the above-referenced lawsuit does not exceed the sum or value of $75,000, exclusive of interests and costs, in order to preclude removal to this court. (Attached as Exhibit "B"). Counsel for Plaintiffs failed to respond entirely to this request. Plaintiffs' refusal to stipulate constitutes further evidence that the amount in controversy is in excess of the requisite amount for federal court diversity jurisdiction. *See, e.g., Simpson v. Dollar Tree Stores, Inc*. No. 15-2107 (W.D. La. 9/21/15); *Lee v. Dillon*, 2012 WL 3263882, *3 (W.D. La. 2012); *Broadway v. Wal-Mart Stores, Inc.* 2000 WL 1560167, *2 (E.D. La. 2000); *Reid v. Delta Gas, Inc.*, 837 F. Supp. 751, 752 (M.D. La. 1993).

VII.

On June 14, 2022, Defendants filed an Answer to Plaintiff's Petition as well as a Dilatory Exception of Vagueness, Ambiguity & Non-Conformity of the Petition due to Plaintiffs' failure to comply with the requirements of La. C.C.P. art. 893 in that the Petition failed to allege whether Plaintiffs' claims exceed or are less than the requisite amount to establish the right to a jury trial

or the lack of jurisdiction of federal courts. The hearing on Defendants' Exception came for hearing on August 1, 2022 and was sustained by the Honorable Tonya Lurry, thereby ordering Plaintiffs to amend their Petition within thirty days of the hearing to provide a general allegation whether each of their claims individually is enough for the jurisdiction of the federal courts. (Attached as Exhibit "C").

VIII.

On or about September 14, 2022, Plaintiffs filed a First Supplemental and Amended Petition for Damages, wherein they stated, "As a result of the injuries sustained by JENNETTE B. FRANKLIN as described herein, defendants are liable, jointly and in solido, under all applicable laws to JENNETTE B. FRANKLIN for damages in excess of seventy-five thousand ($75,000) dollars, exclusive of interest and costs. (Attached as Exhibit "D").

IX.

Thus, Defendants have conclusively established that the total amount in controversy of Jennette B. Franklin's claims in this matter exceed $75,000, exclusive of interest and legal costs.

X.

The Court can exercise supplemental jurisdiction over the claims of Gerald Washington, regardless of the amount in controversy with respect to his claims. 28 U.S.C.A. § 1367(a) (West 2006); *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 549 (2005); *Earl v. Myers*, No. CIV.A. 10-1885, 2010 WL 4875656, at *2 (E.D. La. Nov. 23, 2010).

B.     COMPLETE DIVERSITY EXISTS

XI.

Defendant, Mackenieze D. Reagan, is a person of the full age of majority and is domiciled in the State of Texas, and therefore is a citizen of the State of Texas for purposes of diversity.

XII.

Defendant, Freight Hawgz Transport, LLC, is a Texas limited liability company with one owner/member, Nikisha Reagan, who is a person of the full age of majority and domiciled in the State of Texas. Therefore, Freight Hawgz Transport, LLC is a citizen of the State of Texas for purposes of diversity.

XIII.

Defendant, Trisura Specialty Insurance Company, is a foreign insurance company that was incorporated in the State of Oklahoma and has its principal place of business in the State of Oklahoma. Therefore, Trisura Specialty Insurance Company is a citizen of the State of Oklahoma for purposes of diversity.

XIV.

Defendant, Progressive Northern Insurance Company, is a foreign insurance company, incorporated in the State of Wisconsin with its principal place of business in the State of Ohio, and therefore is a citizen of the States of Wisconsin and Ohio for purposes of diversity.

XV.

Defendant, Anatoliy Oryza, is a person of the full age of majority domiciled in the State of South Carolina, and therefore is a citizen of the State of South Carolina for purposes of diversity.

XVI.

Based on the information in the introductory paragraph of the Petition for Damages, both Plaintiffs, Jennette B. Franklin and Gerald Washington, are persons of the full age of majority each domiciled in the State of Louisiana, and therefore are citizens of the State of Louisiana for purposes of diversity.

XVII.

There is complete diversity between the Plaintiffs and Defendants. As of the date of filing of this Notice of Removal, Plaintiffs have not named any other parties as Defendants.

II. **DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

XVIII.

The Notice of Removal was properly filed within thirty (30) days of Defendants receipt of a paper from which it could first ascertain that the case is removable, namely Plaintiffs' September 14, 2022 First Supplemental and Amended Petition for Damages, in which Plaintiffs admit that Jennette B. Franklin's alleged damages exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1446(b)(3); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996).

XIX.

Service of citation and a copy of the Petition for Damages were requested on Defendant, Mackenieze D. Reagan, via the Louisiana Long Arm Statute and Mackenieze D. Reagan was served through certified mail on or about April 7, 2022.

XX.

Service of citation and a copy of the Petition for Damages were requested on Defendant, Trisura Specialty Insurance Company, through the Louisiana Secretary of State and Trisura Specialty Insurance Company was served on or about April 6, 2022.

XXI.

Service of citation and a copy of the Petition for Damages were requested on Defendant, Freight Hawgz Transport, LLC, via the Louisiana Long Arm Statute and Freight Hawgz Transport, LLC was served through certified mail on or about April 7, 2022.

XXII.

Service of citation and a copy of the Petition for Damages were requested on Defendant, Progressive Northern Insurance Company, through its agent for service of process, CT Corporation System, which was later properly served.

XXIII.

Service of citation and a copy of the Petition for Damages were requested on Defendant, Anatoliy Orzya, through the Louisiana Long Arm Statute. However, service has yet to be perfected. Counsel for Progressive Northern Insurance Company has advised that he will represent Anatoliy Oryza and file responsive pleadings on his behalf upon proper service.

XXIV.

Counsel for Progressive Northern Insurance Company and Antoliy Orzya has informed undersigned counsel that they consent to this removal.

XXV.

There is no other party needed to consent to the removal of this case.

XXVI.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 (a) and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441; this is a civil action wherein the plaintiffs' alleged damages exceed the sum of $75,000.00, exclusive of interest and costs, and the Plaintiffs are diverse from the Defendants.

XXVII.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate Notice of this Removal to the Plaintiffs and to the Clerk of Court for the 18th Judicial District Court for the Parish

of West Baton Rouge, State of Louisiana.

XXVIII.

No previous application has been made for the relief requested herein.

XXIX.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

### JURY DEMAND

XXX.

Defendants are entitled to and request a trial by jury on all issues herein.

**WHEREFORE**, Defendants, Mackenieze Reagan, Freight Hawgz Transport, LLC and Trisura Specialty Insurance Company, pray that the action entitled, "*Jennette B. Franklin and Gerald Washington versus Trisura Specialty Insurance Company, Freight Hawgz Transport LLC, State Farm Mutual Automobile Company, Mackenieze Reagan and Anatoliy Orzya*," bearing Docket Number 1047346, Division B, and pending in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, be removed from the state court docket to the United State District Court for the Middle District of Louisiana.

*PERRIER & LACOSTE, LLC*

*s/ Patrick R. Schmidt*

---

**GUY D. PERRIER, #20323**
**PATRICK R. SCHMIDT, #37861**
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820;
Fax: (504) 212-8825
gperrier@perrierlacoste.com
pschmidt@perrierlacoste.com
**ATTORNEYS FOR DEFENDANTS,**
**Mackenieze D. Reagan, Freight Hawgz**
**Transport, LLC and Trisura Specialty**
**Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by electronic mail, by hand delivery or by facsimile transmission, this 27th day of September, 2022, at their last known address of record.

*s/ Patrick R. Schmidt*

---

**PATRICK R. SCHMIDT**